**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 6, 2016

Hon. Jed S. Rakoff
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

                         **Re: *United States* v. *Harvey Newkirk*, S2 14 Cr. 534 (JSR)**

Dear Judge Rakoff:

       The Government writes regarding the entry of an order of restitution as to the defendant, Harvey Newkirk. The Government maintains that the Court's determination of April 21, 2016, that a $3,100,000 restitution amount is proper, and submits the attached proposed order of restitution reflecting that amount.

       As set forth in the Government's original sentencing submission, dated April 14, 2016, the $3,100,000 restitution amount is based on Open Gate Capital's loss arising from the defendant's criminal conduct. As noted, Open Gate has recouped certain moneys associated with its claims of loss in connection with the Maxim fraud, including claims based on a "benefit of the bargain" theory of liability, *i.e.*, money that, had the Maxim deal been legitimate, Open Gate would have gained from its partial ownership of Maxim, as opposed to money lost as the result of Newkirk's fraud, *i.e.*, the $3,100,000 sent to Alpha Media Group as a result of the fraud. On April 22, 2016, the third-party with whom Open Gate has reached this settlement informed the Government that one term of that settlement included a release that would cover Harvey Newkirk, among others, from further claims by Open Gate.

       Despite any such release, the defendant's restitution amount remains $3,100,000. First, as noted, Open Gate takes the position that its recoupment does not reflect its total loss resulting from the fraud. Second, even had Open Gate recouped an amount of money directly corresponding to the losses covered by the proposed restitution order, that fact would be irrelevant to the entry of a restitution order as to the defendant. 18 U.S.S.C. § 3664(f)(1)(B) ("In no case shall the fact that a victim has received or is entitled to receive compensation with respect to a loss from insurance or any other source be considered in determining the amount of restitution."). Neither Newkirk nor his co-defendant has provided any amount in restitution or reimbursement to the victims of the Maxim fraud. Whether a third-party may have a claim against Open Gate to recover amounts paid in restitution by Newkirk to Open Gate is a matter of concern to Open Gate and any such third-party, but has no bearing on the defendant's restitution obligation.

Finally, at sentencing the defense requested that the Court enter a restitution order providing that the defendant's restitution obligation be off-set by any recovery by Open Gate respecting the same fraud loss covered by that order. Section 3664 provides for such an off-set in specific situations, namely in the event that a victim has received payment in the form of compensatory damages for the same loss in "any Federal civil proceeding" or "any State civil proceeding, to the extent provided by the law of the State." 18 U.S.S.C. § 3664(j)(2). To the extent that Newkirk's victims receive such payments through those statutorily specified mechanisms, he would be entitled to a reduction in his restitution payment obligation.

A copy of the Government's proposed restitution order is attached.

Respectfully submitted,

PREET BHARARA
United States Attorney

By:    __/s/Andrew Adams_____
Andrew C. Adams
Assistant United States Attorney
(212) 637-2340